**SUNSHINE STATE BROADCASTING COMPANY, INC. (WBRD), Appellant,**

**v.**

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

**No. 17085.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 23, 1963.

Decided Jan. 31, 1963.

---

Mr. Harry J. Daly, Washington, D. C., with whom Mrs. Lenore G. Ehrig and Mr. Leonard S. Joyce, Washington, D. C., were on the brief, for appellant.

Mr. Alan D. Reffkin, Counsel, Federal Communications Commission, with whom Messrs. Max D. Paglin, General Counsel, Daniel R. Ohlbaum, Associate General Counsel, and Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, were on the brief, for appellee. Mr. Herman I. Branse, Counsel, Federal Communications Commission, also entered an appearance for appellee.

Before WILBUR K. MILLER, FAHY and WRIGHT, Circuit Judges.

PER CURIAM.

The appellant is licensee of Class III, AM Station WBRD, Bradenton, Florida, operating only in the daytime, with a directional antenna. It applied to the Federal Communications Commission for authority to extend its facilities so as to include nighttime non-directional operation with greater power. It asked that the Commission waive its "10 per cent" rule.[1]

After a hearing, the examiner found appellant's proposed additional operation would violate this rule in that the interference received would affect 49.7 per cent of the population within the normally protected contour, and did not come within either of the nighttime exceptions. He recommended, however, that the rule be waived and the authority granted. The Commission's Broadcast Bureau filed exceptions to the examiner's initial decision. On February 9, 1962, the Commission released its order refusing to waive the ten per cent rule, and denying Sunshine State's application. This appeal followed.

[1]. The rule, which now (as amended in respects not relevant here) is Section 3.28 (d) (3), 47 C.F.R. (1962 Supp.) 3.28 (d) (3), provides in pertinent part:

"(d) Upon showing that a need exists, a Class II, III, or IV station may be assigned to a channel available for such class, even though interference will be received within its normally protected contour; *Provided:* * * * (3) the interference received does not affect more than 10 percent of the population in the proposed station's normally protected primary service area; however, in the event that the nighttime interference received by a proposed Class II or III station would exceed this amount, then an assignment may be made if the proposed station would provide either a standard broadcast nighttime facility to a community not having such a facility or if 25 percent or more of the nighttime primary service area of the proposed station is without primary nighttime service. * * * "

██ The Commission's decision contains a full discussion of the reasons for its action. The question whether in a given case a waiver of the ten per cent rule would be in the public interest is, we think, one which is to be answered by the Commission which has the expertise essential to its determination. The court should not substitute its judgment in such a technical matter for that of the expert agency, unless it appears that it has acted arbitrarily. That does not appear here.

█ Appellant also says the ten per cent rule is unduly restrictive and should be abandoned in favor of a new criterion. Whether so or not is a matter for the Commission to determine.

Affirmed.