**James R. WILLIAMS, Appellant,**

v.

**FEDERAL COMMUNICATIONS COMMISSION, Appellee.**

**No. 18943.**

United States Court of Appeals District of Columbia Circuit.

Argued April 7, 1965.

Decided May 6, 1965.

---

Mr. Robert M. Booth, Jr., Washington, D. C., with whom Mr. Joseph F. Hennessey, Washington, D. C., was on the brief, for appellant.

Mr. Howard Jay Braun, Counsel, Federal Communications Commission, with whom Messrs. Henry Geller, General Counsel, and John Conlin, Associate General Counsel, Federal Communications Commission, were on the brief, for appellee. Mr. Daniel R. Ohlbaum, Deputy General Counsel, Federal Communications Commission, also entered an appearance for appellee.

Before WASHINGTON, Circuit Judge, BASTIAN, Senior Circuit Judge, and WRIGHT, Circuit Judge.

BASTIAN, Senior Circuit Judge:

This appeal is from a decision and orders of the Review Board of the Federal Communications Commission and the Commission itself which had the net effect of denying appellant's application for a construction permit for a new Class II standard broadcast station in Anadarko, Oklahoma. The denial followed the Commission's refusal to waive the requirements of Section 73.28(d) of its rules, the so-called 10 per cent rule.[1]

During the early pendency of appellant's application, Olney Broadcasting Company had pending a mutually exclusive application for a new station in Olney, Texas. By order dated May 14, 1962, designating the applications for hearing in a consolidated proceeding, the Commission found both applicants to be legally, financially, technically and otherwise qualified except for specified issues concerning station interference between appellant and Olney, and between each of them and existing stations. Later, Olney requested enlargement of the issues to include determination as to whether appellant's proposed program service was designed to meet the needs of the Anadarko area and whether in fact it would meet those needs, alleging in support of the request that the proposal was a virtual duplicate of one previously filed by appellant in an application for a station in Winfield, Kansas. The Commission declined to enlarge the issues, noting that an amended programming proposal had been filed by appellant and that appellant's uncontroverted affidavit showed that the proposal was based on a survey of the Anadarko community needs. The Commission stated that the requested issue was not justified "where the applicant is engaging in a continuing effort to ascertain the needs and interests of its area." Subsequently, the Olney

1. In pertinent part, the rule reads: "With respect to applications for new Class II-A stations * * * the following shall apply: Upon showing that a need exists, a Class II * * * station may be assigned to a channel available for such class, even though interference will be received within its normally protected contour, subject to the following conditions: * * * (3) The interference received does not affect more than 10 per cent of the population in the proposed station's normally protected primary service area. * * * "

application was dismissed at Olney's request, and appellant proceeded alone to the hearing.

The hearing examiner found, *inter alia*, that Anadarko is known as "The Indian Capital of the Nation"; that, although it has no radio station outlet, it receives primary service from six existing stations ranging from 18 to 82 miles distant from Anadarko; that the proposed station would receive interference from existing stations affecting 16.4 per cent of the population within the normally protected contour; and that there was evidence that the existing stations provided no programming of interest to the Indians in the Anadarko area. The examiner concluded that since the 16.4 per cent population loss which would be caused by interference exceeded that allowed by the 10 per cent rule, the question was "simply whether an area consisting of a town embracing 6,229 persons in a county of 28,621 in southwestern Oklahoma should have its first radio outlet despite the recognized interference involved." Believing that the 10 per cent rule should be waived, the examiner granted the application.

On appeal by the Commission's Broadcast Bureau, the three-member Review Board, one member dissenting, accepted all of the examiner's findings of fact, but held that the facts did not justify waiver of the 10 per cent rule. Accordingly, the Review Board reversed the grant of the application. After the Review Board denied reconsideration and the Commission denied review, appellant brought his case to this court, where he attacks the 10 per cent rule, as well as its application to him.

■ Adoption of the 10 per cent rule was a valid exercise and implementation of the power reposed in the Commission by Congress, Guinan v. Federal Communications Commission, 111 U.S. App.D.C. 371, 297 F.2d 782 (1961), and the question of whether a new criterion should be adopted should be addressed to the Commission, not the courts. Sunshine State Broadcasting Co. v. Federal Communications Commission, 114 U.S. App.D.C. 271, 314 F.2d 276 (1963). That the rule is not automatically applied is clear from the fact that where, after appropriate request, the public interest is shown to require it, the Commission waives the rule. We think the record amply demonstrates that the rule was not arbitrarily applied in this case. Waiver of the rule is a matter within the discretion of the Commission, and that discretion was not abused here.

■ Pointing out that the Commission declined to include a programming issue on the hearing agenda, appellant contends that the Review Board committed reversible error by basing its decision, in part, on appellant's failure to show that the Anadarko area "has any special needs or that his proposed programming is designed to meet special needs." We do not agree.

■ The refusal of the Commission to enlarge the issues on motion of Olney (to which motion appellant filed objections) did not relieve appellant from showing that circumstances existed which would warrant a waiver of the 10 per cent rule. Issue 4 of the May 14 order reads as follows:

"To determine whether interference received from existing stations would affect more than ten percent of the population within the normally protected primary service area of the instant proposal of James R. Williams, in contravention of Section 3.28(d) (3) of the Commission Rules, and, if so, whether circumstances exist which would warrant a waiver of said Section."

Certainly use of programming evidence in support of appellant's request for a waiver of the 10 per cent rule was not removed from the case. In 1958, the Commission ruled that programming evidence was admissible as bearing on the question of waiver of the rule, Huntington-Montauk Broadcasting Co., 25 F.C.C. 1309, 1318–1319, and appellant had sufficient opportunity to present such evidence on that question.

Affirmed.